IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALT F. SIMMONS, | ) | No. C 09-0318 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER REOPENING CASE AND** |
| | ) | **DISMISSING CASE AS MOOT** |
| v. | ) | |
| | ) | (Docket Nos. 7, 9) |
| MARTIN J. HERRERA, M. S. EVANS, | ) | |
| D. M. MANTEL, K. JONES, G.A. | ) | |
| NEOTTI, N. GRANNIS, S. | ) | |
| DEATHRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**INTRODUCTION**

Plaintiff, currently incarcerated at Pleasant Valley State Prison in Coalinga, California, has filed this civil rights complaint regarding the conditions of his confinement at Salinas Valley State Prison.  Plaintiff's motion to proceed *in forma pauperis* was previously denied and Plaintiff was ordered to pay the filing fee within thirty days.  The Court dismissed the complaint based on Plaintiff's failure to comply with the Court's order (docket no. 4).  Thereafter, Plaintiff paid the filing fee and filed a motion to reconsider and a motion seeking disposition of that motion (docket nos. 7, 9). Plaintiff asserts that he had difficulties in obtaining information about how to make a payment from the prison trust office and was subjected to prison lockdowns.  Although Plaintiff never informed the Court of these difficulties before the action was dismissed, this Court will grant Plaintiff's motion and reopen this matter pursuant to Rule 60(b)

(docket nos. 7, 9).  This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses the case as moot.

## STATEMENT OF FACTS

In the complaint, Plaintiff complains about the provision of Native American religious services at Salinas Valley State Prison ("SVSP").  Plaintiff complains that prison officials denied him access to the sweat lodge and lodge grounds at Facility A-Yard at SVSP.  Plaintiff alleges that these services are denied, while other religious services at SVSP run smoothly.  Plaintiff seeks equitable relief regarding the provision of Native American services at SVSP.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL STANDARDS

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate

penological interests.  *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).  To reach the level of a constitutional violation, "the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'"  *Id.* at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).  A prisoner may be inconvenienced in the practice of his or her faith so long as the governmental conduct does not prohibit the prisoner from "participating in the mandates of his religion."  *See id.* (failure to give notice allowing time for cleansing ritual, shackling, requiring sign-in for services and abusive language directed at faith failed to rise to a constitutional level).  A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests.  *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); ; *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (remanding for district court to determine whether denial of kosher diet was reasonably related to prison's legitimate interest in streamlining food service).

The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987).  *See Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987).

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997

3

[which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies to any "program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (citing 42 U.S.C. § 2000cc-5(7)(A)).

There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See Buckley*, 997 F.2d at 495; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a

separate constitutional entitlement to a specific prison grievance system).  Therefore, Plaintiff's claims regarding his prison administrative appeals are DENIED for failure to state a claim for relief.

III.    Mootness

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).  "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'."  *Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009) (citations omitted).

Whereas standing is evaluated by the facts that existed when the complaint was filed, mootness inquiries require courts to look to changing circumstances that arise after the complaint is filed.  *ACLU v. Heller*, 471 F.3d 1010, 1016 (9th Cir. 2006).  A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted due to subsequent developments.  *See Flast v. Cohen*, 392 U.S. 83, 95 (1968); *see, e.g., Foster v. Carson*, 347 F.3d 742, 745-46 (9th Cir. 2003) (constitutional challenge requesting declaratory relief to Oregon's "Budget Reduction Plan" suspending certain criminal proceedings and appointment of public defenders for indigent defendants in those proceedings is moot where at time of appeal plan has expired and appellate court unable to provide any relief to plaintiffs).  A claim also may be considered moot if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  *See Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (claim for injunctive and declaratory relief for unconstitutional blood and urine tests was not mooted by the cessation of the testing because there were lingering effects of the violations that could be remedied, i.e., a defendant retained the test results and could be ordered to expunge the unconstitutional

5

test results from its records).

Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). A determination that a plaintiff's claim for injunctive relief is moot does not mean that the plaintiff's claim for damages is moot as well. *See Independent Living Center of Southern California, Inc. v. Maxwell-Jolly*, 590 F.3d 725, 728-29 (9th Cir. 2009) (when intervening legislation has settled a controversy involving only injunctive relief, but plaintiff also sought damages when filing suit, the controversy is not rendered moot as to claim for damages); *Bernhardt v. Jones*, 279 F.3d 862, 872 (9th Cir. 2002) (holding that a plaintiff's claim for prospective relief was moot).

In this case, Plaintiff has informed the Court that he has moved to a different prison. Plaintiff's complaint exclusively sought injunctive relief. Therefore, there is now no live controversy between the parties and the Court no longer has a basis upon which to provide Plaintiff with equitable relief because Plaintiff is no longer incarcerated at SVSP. Accordingly, the complaint is DISMISSED as moot.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to reopen Plaintiff's case. However, based on the current circumstances, the complaint is DISMISSED as moot. The Clerk shall TERMINATE all motions as decided by this order and enter judgment in accordance with this order.

IT IS SO ORDERED.

DATED: <u>March 26, 2010</u>

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WALTER F. SIMMONS,

          Plaintiff,

  v.

MARTIN J. HERRERA et al,

          Defendant.
_____/

Case Number: CV09-00318 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walt L. Simmons
Pleasant Valley State Prison
P78257
P.O. Box 8505/D1-206
Coalinga, CA 93210

Dated: March 26, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk